UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH DRUTHER,

    Plaintiff,

v.

DEAN WILLIAM HAMILTON AND
FAIRWAY COLLECTIONS, LLC,

    Defendants.

Case No. C09-5503 FDB

ORDER DENYING DEFENDANTS'
RULE 12(b)(1) MOTION TO
DISMISS

This matter comes before the Court on Defendants' Fed. R. Civ P. 12(b)(1) motion to dismiss Plaintiff Joseph Druther's action for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., and the Washington State Collection Agency Act (CAA), Chapter 19.16 RCW. The Court, having reviewed the pleadings, is fully informed and hereby denies the motion to dismiss.

**Introduction and Background**

This is an action for damages brought by an individual consumer for Defendants' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (FDCPA) and the Washington State Collection Agency Act (CAA), Chapter 19.16 RCW, both of which prohibit debt

ORDER - 1

collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy by intrusion, ancillary to Defendants' collection efforts. More specifically, Plaintiff alleges Defendants used "unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including failure to serve Plaintiff with the required legal notice of pursuant to a writ of garnishment filed by Defendants" and failing "to make a reasonable attempt to find Plaintiff's current address to serve Plaintiff with various court filings pertaining to an ongoing court case against Plaintiff, who was not represented by counsel."

Defendants move for dismissal, asserting that Plaintiff's claims arise out of alleged defects in a state court garnishment proceeding in which judgment has already been rendered.

On February 19, 2009, Fairway Collections, LLC (Fairway) obtained a default judgment against Plaintiff Joseph Druther in Thurston County District Court. On April 2, 2009, Fairway filed a writ of garnishment. On April 21, 2009, Druther filed a pro se motion to vacate the underlying default judgment, asserting that he had not received service. On June 5, 2009, Fairway filed a proposed judgment on the garnishment. The judgment and order to pay garnishment was entered on June 19, 2009.

Washington's garnishment statute provides that "if any irregularity appears with respect to the mailing or service, the court, in its discretion on motion of the judgment debtor promptly made and supported by affidavit showing that the judgment debtor has suffered substantial injury from plaintiff's failure to mail or otherwise serve such copies, may set aside the garnishment and award to the judgment debtor an amount equal to the damages suffered because of such failure." RCW 6.27.130(2)(b).

Defendants assert that Plaintiff's allegations concerning defective service "were raised, or attempted to be raised in the state trial court and were unsuccessful." Thus, this Court cannot determine the alleged FDCPA violations without determining that [the trial court] erred" in entering the judgment on the writ of garnishment. Thus, the action is subject to dismissal.

ORDER - 2

## Fed. R. Civ. P. 12(b)(1) Motion To Dismiss Standards

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) addresses the court's subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U .S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). Limits on federal jurisdiction must be neither disregarded nor evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). A plaintiff bears the burden to establish that subject matter jurisdiction is proper. Kokkonen, 511 U.S. at 377; Prescott v. United States, 973 F.2d 696, 701 (9th Cir. 1992).

Upon a motion to dismiss pursuant to Rule 12(b)(1), a party may make a jurisdictional attack that is either facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. A factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction." Id In a factual challenge, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). When considering a motion to dismiss for lack of subject matter jurisdiction, federal district court is not restricted to face of pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning existence of jurisdiction, and thus consideration of material outside pleadings does not convert motion into one for summary judgment. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). Thus, with a factual Rule 12(b)(1) challenge, a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). In support of a motion to dismiss under Rule 12(b)(1),

ORDER - 3

the moving party may submit "affidavits or any other evidence properly before the court. It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." Colwell v. Dep't of Health and Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009).

**Fair Debt Collection Practices Act**

The purposes of the Fair Debt Collection practices Act (FDCPA) are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); Wade v. Regional Credit Ass'n, 87 F.3d 1098, 1099 (9th Cir. 1996). The FDCPA prohibits "debt collector[s]" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This broad prohibition is typically referred to as the FDCPA's "general ban." Dunlap v. Credit Protection Ass'n, 419 F.3d 1011, 1012 (9th Cir. 2005). In addition to this general ban, section 1692e is divided into sixteen subsections that provide a non-exhaustive list of prohibited practices. Section 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Again, in addition to the broad prohibition of unfair or unconscionable means of debt collection, § 1692(f) provides a non-exclusive list of eight prohibited means of debt collection.

Plaintiff's complaint asserts the Defendants violated §1692f in failing to serve Plaintiff with legal notice of the garnishment proceeding and failing to make a reasonable attempt to locate and serve Plaintiff.

**Rooker-Feldman Doctrine**

The *Rooker-Feldman* doctrine is a well-established jurisdictional rule that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state court judgments. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923);

ORDER - 4

D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Bianchi v. Rylaarsdam, 334 F.3d 895 (9th Cir. 2003).

A recent Supreme Court decision in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005) clarified that the application of the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id., at 284. The *Rooker-Feldman* doctrine does not prevent a district court from exercising subject matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court, as long as the federal plaintiff presents an independent claim even if that claim denies a legal conclusion reached by the state court. Id., at 284.

*Rooker-Feldman* may apply where the parties do not directly contest the merits of a state court decision, but rather, are attempting to bring a suit that is a de facto appeal from a state court judgment. Ruesser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir.2008). "A federal action constitutes such a de facto appeal where claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Id. In such circumstances, the Circuit noted, "the district court is in essence being called upon to review the state court decision." The term "inextricably intertwined" has a narrow and specialized meaning in the *Rooker-Feldman* doctrine. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1142 (9th Cir.2004). A federal claim is "inextricably intertwined" with a state court judgment when "the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." Lemonds v. St. Louis County, 222 F.3d 488, 493 (8th Cir. 2000). The contours of the inextricable intertwined standard are (1) a final state court judgment, (2) the plaintiff complains of an injury from that judgment, and (3) the complaint requires review or rejection of the state court judgment. If an independent federal claim will not disturb a state court judgment, then

ORDER - 5

that claim may go forward, even though the federal court may reach a legal conclusion contrary to one underlying the state court judgment. See Exxon, 544 U.S. at 284.

Since Exxon, the courts which have considered the applicability of the *Rooker-Feldman* doctrine to the situation where creditors obtain a judgment in state courts but subsequently have their debt collection practices challenged under the FDCPA in federal court, have concluded that when the FDCPA plaintiff is not challenging the validity of the debt, but rather the collection practices of the creditor, the FDCPA claim is independent from the state court collection action and the federal court has subject matter jurisdiction over that FDCPA claim. See Todd v. Weltman, Weinberg & Reis Co., L.P.A., 434 F.3d 432 (6th Cir. 2006); Senftle v. Landau, 390 F. Supp.2d 463 (D. Md. 2005); Jenkins v. General Collection Co., 538 F. Supp.2d 1165 (D. Neb. 2008).

In both Todd and Senftle, the courts reasoned that when a debtor brings an action under the FDCPA, the action does not challenge the state court judgment itself, but rather challenges the debt collection practices that led to the judgment. Todd, 434 F.3d at 437, Senftle, 390 F. Supp.2d at 469. Because an FDCPA plaintiff is not challenging the validity of the debt, but rather the collection practices of the creditor, a claim under the FDCPA is an "independent claim" from a state court action to collect a debt and federal courts have jurisdiction over the case. Todd, 434 F.3d at 437, Senftle, 390 F. Supp.2d at 469.

In Jenkins, the court held that entry of judgment in state collection proceedings did not present a bar under *Rooker-Feldman* doctrine to federal court suit alleging that debt collector's alleged practice of bringing time-barred collection actions and misrepresenting the nature and character of the debt violated the FDCPA and Nebraska Consumer Protection Act (NCPA). Jenkins, 538 F. Supp.2d at 1171. The Court reasoned that "[w]hile it was possible, and may have been advisable, .... to raise as affirmative defenses in the state-court proceedings some of the issues they now raise in this action, their claims under the FDCPA and NCPA are not inextricably intertwined with the state-court actions.... [T]he state-court default judgments did not involve the

ORDER - 6

actual litigation of any issue underlying the Plaintiffs' claims in this case, and this action will not involve the review or rejection of those state-court judgments." Jenkins, 538 F. Supp.2d at 1172.

Although not binding on this Court, the Court finds the reasoning in Todd, Senftle, and Jenkins persuasive. Focusing on the relief that Plaintiff is seeking in this current lawsuit, it is clear that the *Rooker-Feldman* doctrine does not bar this current action. The courts are clear that the FDCPA applies to the collection of the debt. It does not apply to the validity of the debt. Plaintiff is not seeking to overturn the money judgment on the debt that was entered against him in state court. Rather, he is seeking statutory and actual damages for Defendant's debt collection practices. He is not asserting as his injury legal errors by the state court and is not seeking relief from the state court judgment. Therefore, the *Rooker-Feldman* doctrine does not preclude Plaintiff's claims.

**Res Judicata Doctrine**

A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered under the Constitution's Full Faith and Credit Clause and under Full Faith and Credit Act, 28 U.S.C. § 1738. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Thus, preclusion is decided under the law of the state where judgment was entered. Ross v. Alaska, 189 F.3d 1107, 1110 (9th Cir.1999).

The legal doctrine of res judicata includes the two related concepts of claim preclusion and issue preclusion. Under Washington law, with respect to claim preclusion, a final ruling involving the same cause of action between the same parties will govern subsequent cases involving the same action. Hadley v. Cowan, 60 Wn. App. 433, 440-441, 804 P.2d 1271 (1991). Four criteria must be present in order for claim preclusion to apply. There must be: (1) the same subject matter, (2) the same cause of action, (3) the same persons and parties, and (4) the quality of the parties. Energy Northwest v. Hartje, 148 Wn. App. 454, 464, 199 P.3d 1043 (2009). In determining if a concurrence of identity exists between the causes of action, the following should be considered: (1)

ORDER - 7

whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. Id.

The doctrine of issue preclusion bars a plaintiff from relitigating "issues actually litigated and necessarily determined." Hartje, 148 Wn. App. at 465, 199 P.3d 1043. The elements that need to be present for the doctrine to apply are: (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied. Id.

The issues of whether Defendants' collection actions regarding service on the Plaintiff were in violation of the FDCPA may have been involved in the state court collection proceeding, but it appears that these issues were not actually litigated. As the Restatement (2d) Judgments, § 28, comment e, notes: "An issue is not actually litigated if the defendant might have interposed it as an affirmative defense but failed to do so.... In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated." Neither does the concept of claim preclusion apply to bar the Plaintiff's actions in this case, because the causes of action raised in this proceeding are not the same as those raised in the state court collection proceeding. See Jenkins v. General Collection Co., 538 F. Supp2d 1165, 1171 (D. Neb. 2008).

**Conclusion**

For the foregoing reasons, Defendants' Rule 12(b)(1) motion to dismiss is denied. The *Rooker-Feldman* doctrine is inapplicable to this FDCPA action and *res judicata* does not preclude the action.

ORDER - 8

ACCORDINGLY;

IT IS ORDERED:

Defendants' Rule 12(b)(1) Motion to Dismiss [Dkt. # 9] is **DENIED**.

DATED this 3rd day of December, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 9